David Lopez, Esq.
(DL-6779)
Attorney For Plaintiff
171 Edge Of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel: (631) 287-5520
Fax: (631) 283-4735
E-Mail: DavidLopezEsq@aol.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 14 2009 ★

LONG ISLAND OFFICE

BIANCO, J.
BOYLE, M.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DEBORAH DONOGHUE,

    Plaintiff,

- against -

EPICOR SOFTWARE CORPORATION,

    Defendant.
_____/

Plaintiff, by DAVID LOPEZ, ESQ., her attorney, complaining of the defendant, alleges as follows:

**Jurisdiction and Venue**

1.  Jurisdiction over this action is conferred upon the court and arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b) and Section 78aa, and other relevant sections. This action is not a collusive one intended to confer upon a

1

court of the United States jurisdiction over a cause of which it would not otherwise have cognizance.

2. Upon information and belief, and at all times hereinafter mentioned, EPICOR SOFTWARE CORORATION ("EPICOR") was and is a Delaware corporation with principal offices at 18200 Von Karman Avenue, Suite 1000, Irvine, California 92612.

3. Upon information and belief, at all times hereinafter mentioned, the defendant's issued and outstanding shares of common stock were registered pursuant to Section 12(b) of the Securities Exchange Act of 1934 and were not exempted securities thereunder. The common stock of EPICOR is traded on the NASDAQ National Market System through market makers located within the State of New York. Services giving rise to the recovery to be recited herein were rendered in whole or in part within the State of New York and within the district. The defendant does business and is found within the State of New York.

4. At all times hereinafter mentioned, the plaintiff, DEBORAH DONOGHUE, was and still is an owner of common stock of the defendant.

5. At all times hereinafter mentioned the

plaintiff's attorney, DAVID LOPEZ, ESQ., was and still is an attorney engaged in the practice of law within the State of New York and within this district.

6. Upon information and belief at all times hereafter mentioned GEORGE L. KLAUS ("KLAUS") was an insider of EPICOR, to wit: EPICOR's chief executive officer.

7. KLAUS sold 17,000 shares, more or less, of the common stock of EPICOR between June 2 and 8, 2009.

8. KLAUS purchased larger numbers of shares of EPICOR common stock within six months on February 27, 2009, at prices lower than received for the shares sold as aforesaid.

9. Upon information and belief, KLAUS realized profits through his pecuniary interest in such transactions of $43,575.01, which were recoverable by EPICOR under the provisions of Section 16(b) of the Act.

10. Upon information and belief KLAUS failed to pay over such profits to EPICOR except as hereinafter described. EPICOR and KLAUS were ignorant of their respective rights and obligations prior to the intervention of the plaintiff and of her counsel, and EPICOR has

3

acknowledged in writing that the recovery herein was as a result of plaintiff's intervention and demand.

11.  Pursuant to the provisions of Section 16(b) of The Securities Exchange Act of 1934 the plaintiff, DEBORAH DONOGHUE, as a stockholder of EPICOR, was authorized and empowered to investigate and to ascertain all transactions effected in its equity securities by officers, directors and more-than-10% beneficial shareholders of EPICOR for the purpose of determining whether any such transactions came within the purview of the statute; for the purpose of requesting the defendant to commence suit against any of its officers, directors or more-than-10% shareholders to seek recovery of any profits which they might have realized from their illegal transactions in the defendant's equity securities;  and for the purpose of commencing suit against any such officers, directors or more-than-10% shareholders in the name and on behalf of the defendant to recover the short-swing profits realized by any of them in the event the defendant failed or refused timely to institute such action or failed diligently to prosecute such suit thereafter.

12.  Acting under the right and authority granted to

her by the statute aforesaid, the plaintiff stockholder, DEBORAH DONOGHUE, retained the legal services of DAVID LOPEZ, ESQ. in a derivative capacity on behalf of the defendant herein to investigate the transactions effected in the defendant's securities by its officers, directors and more-than-10% shareholders to determine whether any of such transactions came within the purview of the statute; to determine and calculate the profits, if any, realized by such officers or directors or more-than-10% shareholders and the nature and extent of their statutory liability; to make proper statutory demand on the defendant requesting that it institute suit against any of its officers, directors or more-than-10% shareholders for the recovery of such statutory profits; to furnish the defendant with information as might be necessary or proper for the commencement and prosecution of such action; and to prepare all pleadings, proofs and papers necessary or proper for the commencement of such suit in the event the defendant failed or refused timely to institute such action or failed diligently to prosecute the same thereafter.

13. The plaintiff, DEBORAH DONOGHUE, agreed to pay a fair and reasonable counsel fee to DAVID LOPEZ, ESQ. for his legal services rendered, contingent upon any benefits

which the defendant might derive therefrom and contingent upon the defendant's reimbursing the plaintiff in the amount of such legal fees so incurred.

14.  The law firm of DAVID LOPEZ, ESQ. undertook to perform all legal services required pursuant to the aforesaid contingent retainer and after making a complete and exhaustive investigation into the law applicable thereto and after ascertaining that the transactions of KLAUS in the defendant's securities had been made in violation of Section 16(b) of the Securities Exchange Act of 1934, and after computing and determining that KLAUS had realized profits which were recoverable by EPICOR in accordance with the applicable provisions of the statute aforesaid plaintiff, through her attorney, on June 11, 2009, made written demand, delivered the same day, upon the board of directors of EPICOR that it act to recover all short-swing trading profits of KLAUS realized through his trading in shares of EPICOR during periods of less than six months while an insider and a fiduciary thereof.

15.  In response thereto and as a result thereof as acknowledged in a writing dated August 4, 2009, emitted by or on behalf of EPICOR, EPICOR collected $42,575.01 from KLAUS.

16. Plaintiff's counsel has requested of EPICOR a fair and reasonable legal fee equal to 25% of the recovery and benefit received by EPICOR by reason of Plaintiffs' counsel's efforts. The defendant, by means of letter of counsel date September 9, 2009, has refused that request.

17. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to the defendant by plaintiff's attorney, DAVID LOPEZ, ESQ., and the defendant's subsequent actions taken pursuant thereto the defendant ratified and confirmed the right and authority granted by statute to plaintiff, DEBORAH DONOGHUE, and to her attorney, DAVID LOPEZ, ESQ., to render the aforesaid services for and on behalf of the defendant herein.

18. Upon information and belief, the defendant has knowingly received, accepted and retained the benefits of the services rendered by plaintiff, DEBORAH DONOGHUE, through her attorney, DAVID LOPEZ, ESQ., and has realized a gain or benefit in the amount of $42,575.01, more or less, which it would not otherwise have realized but for such such services.

19. Plaintiff, DEBORAH DONOGHUE, is entitled to recover from the defendant a fair and reasonable fee for her attorney for services contingently undertaken and incurred in performing those services and in taking the steps which resulted in the creation of the fund for defendant's benefit in the amount of $42,575.01. Plaintiff, DEBORAH DONOGHUE, seeks no personal benefit but brings this action to recover the expenses contingently incurred by her in an amount of the reasonable value of the legal services rendered by her attorney, DAVID LOPEZ, ESQ., and solely for the purpose of paying for those services.

20. Upon information and belief, and in view of the amount of benefit conferred upon the defendant the fair and reasonable value of the legal services rendered in this matter is $10,650.00 or roughly 25% of the benefit received by EPICOR.

**WHEREFORE**, plaintiff demands:

1. Judgment against the defendant in the amount of $10,650.00 inclusive of out-of-pocket disbursements, together with the costs of this action;

2. Such other, further and/or different relief as

the court may deem just and proper.


Dated:   Southampton, New York
         September 11, 2009

                                        DAVID LOPEZ, ESQ.

                                        By: _____
                                        DAVID LOPEZ, ESQ.
                                        DL - 6779
                                        Attorney For Plaintiff